**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
PETER GRAZUL (SBN 342735)
*pgrazul@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
**Counsel for Plaintiff**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHI NGUYEN, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA ULIKE INTERNATIONAL INC.,<br><br>Defendant. | Case No: 25-cv-6132<br><br>CLASS ACTION<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Chi Nguyen, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Defendant America Ulike International Inc., ("Ulike"), and alleges the following upon her own knowledge, or where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

**INTRODUCTION**

1. Ulike is an online retailer that mainly markets and sells the "next-generation in simple, lasting hair removal" devices, such as the Ulike Air 10, through its website, Ulike.com.

2. In advertising the products, Ulike regularly employs the deceptive pricing practice known as false reference pricing, in which it pretends items are "on sale" from a "regular," higher price, so that the consumer believes she is getting a better value, when in reality, the item has never been sold at the higher price. This practice violates California's Unfair Competition Law, ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedies Act ("CLRA").

3. Plaintiff brings this action seeking to enjoin Ulike's unlawful behavior, and to recover compensation for herself and others similarly aggrieved by Ulike's deceptive and unlawful practices.

**JURISDICTION & VENUE**

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a State different from Ulike.

5. The Court has personal jurisdiction over Ulike because it has purposely availed itself of the benefits and privileges of conducting business activities within California, specifically through distributing and selling goods in California, and because the transactions giving rise to this action occurred in Alameda County, California.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant resides (*i.e.*, is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**DIVISIONAL ASSIGNMENT**

7. This civil action arises out of the acts and omissions of Ulike, which occurred in Alameda County. Therefore, pursuant to Civil Local Rule 3-2(c), (d), this action is correctly assigned to the San Francisco or Oakland Division.

**PARTIES**

8. Plaintiff Chi Nguyen resides in and intends to continue to reside in Alameda County, California. Accordingly, she is a citizen of the State of California.

9. Defendant America Ulike International Inc. is a Washington Corporation, with its principal place of business in Spokane, Washington.

**FACTS**

**I. ULIKE'S PRICING SCHEME FALSELY REPRESENTS ITS PRODUCTS ARE SOLD AT STEEP DISCOUNTS**

10. Since at least November 2022 and until at least very recently, through the websites, www.ulikeglobal.com (now defunct), and www.ulike.com, Defendant Ulike has sold various Intense Pulse Light hair removal devices, including at least the Ulike Air 3, Ulike Air 10, Ulike Air+, Ulike X, and Ulike Rose (the "Products").[1]

11. Through its website, social media, and other advertising, Ulike has engaged in the illegal and deceptive practice of "false reference pricing," by advertising its Products with inflated, but false, "retail" prices, which mislead consumers into believing they are receiving a significant discount, when in reality, the Products are never sold at those higher prices.

12. Ulike has engaged in false reference pricing in at least two ways.

13. First, at various times from 2022 through the present, Ulike displayed on its website a "reference price"—with a clear strike-through—in grey font, to the right of the "sale" price in bright, red font. An example of this "strike-through" false pricing scheme on Ulike's website is depicted below:

---

[1] To the extent that Ulike, from time to time, sold other beauty products through the same false and misleading pricing schemes complained of herein, this Complaint should be read to be inclusive, rather than exclusive, of those products.



14. But in the example above, the Ulike Air 3 was not sold on the Ulike website for $329 in the three months that preceded the purported "sale." Instead, the Ulike Air 3 was *always* offered for sale at an amount less than $329. The same is true for each Product sold by Ulike on its website during the relevant time period.[2]

15. Second, at various times from 2022 through the present, Ulike has alternatively advertised a higher "retail" price, not with a strikethrough, but by placing it next to a prominent statement that a coupon would be applied to significantly reduce the retail price. However, when a shopper adds a Product to their shopping cart and proceeds to checkout, the "coupon" is applied automatically, and the purported discounted price is the only price ever charged. An example of this "coupon" false pricing scheme on Ulike's website is depicted below:

---

[2] While it is possible that the falsely referenced price reflected the actual sale price on third-party retailer websites not controlled by Ulike, on information and belief, during the relevant time period, Ulike did not sell any of its Products at the struck-through price on its own websites during the three-month period preceding the advertised sale price.

3
*Nguyen v. America Ulike International Inc.*
CLASS ACTION COMPLAINT



16.     Because this "coupon" is applied automatically at checkout, users of Ulike's websites never pay the stated "retail" price, because the Products are only ever sold at the discounted after-coupon price.

17.     This discount appears automatically for users of the Ulike websites at the checkout screen, as shown below:

[continued below]



18. By using phony coupon promotions, Ulike purports to offer substantial discounts through coupons automatically applied at checkout, creating the false impression consumers are receiving a deal off a higher "retail" price. But in reality, there is no coupon, and no true discount. This is merely a different marketing tactic, *i.e.*, a variation of the "strike-through" false reference pricing scheme Ulike also employs.

19. Both of Ulike's pricing schemes are designed to, and did, prompt urgent purchasing decisions, including by Plaintiff, for fear of losing out on significant savings. But there was no real urgency, because there was no sale, and shoppers on Ulike's website, including Plaintiff, were convinced to act without a reasonable circumspection of their purchase, or the actual price being paid. Ironically, rather than getting a "good deal," these kinds of false pricing schemes lead to consumers, including Plaintiff, paying *more* than they would have, had Ulike not advertised its Products with the false pricing references.

## II. STATE LAWS AND FEDERAL REGULATIONS PROHIBIT ULIKE'S FALSE PRICING SCHEMES

20. California law prohibits the kinds of marketing tricks Ulike promotes, and requiring that any discounts or "sales," like "coupons" or "strike-through" pricing references be temporary. That is, under California law, a product may not be advertised at a reduced price unless it was offered at the former price for a reasonably substantial period, generally 90 days. *See* Cal. Bus. & Prof. Code § 17501.

21. Similarly, Washington law prohibits false reference pricing practices such as those perpetrated by Ulike, and specifically prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce," RCW 19.86.020.

22. The United States Court of Appeals for the Ninth Circuit has recognized the abuses that flow from false reference pricing practices, saying

> Most consumers have, at some point, purchased merchandise that was marketed as being 'on sale' because the proffered discount seemed too good to pass up. Retailers, well aware of consumers' susceptibility to a bargain, therefore have an incentive to lie to their customers by falsely claiming that their products have previously sold at a far higher 'original' price in order to induce customers to purchase merchandise at a purportedly marked-down 'sale' price.

*Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1101 (9th Cir. 2013).

23. "Misinformation about a product's 'normal' price is . . . significant to many consumers in the same way a false product label would be." *Id.* at 1106.

24. Moreover, "[c]onsumers are easily wooed by 'Compare At' pricing advertisements because they believe that they are not only getting a deal, but also a high-quality item at a wallet-friendly price. When these reference prices are misleading, the consumer suffers an 'obvious economic injury as a result of false advertising . . . because the bargain hunter's expectations about the product he just purchased is precisely that it has a higher perceived value and therefore has a higher resale value.'" *Chester v. TJX Cos.*, 2016 WL 4414768, at *11 (C.D. Cal. Aug 18, 2016) (quoting *Hinojos*, 718 F.3d at 1106).

25. Such false price reference schemes are "marketing plan[s]" designed to "trick . . . customers into believing that . . . products are worth, and have a value equal to, the inflated list price, and that the lower advertised sale price represents a special bargain—when in reality and unbeknownst to the customer, the

'sale' price is approximately equal to [the] usual and normal selling price for the product." *See Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1060 (W.D. Wash. 2020).

26. The Federal Trade Commission has also highlighted the deceptiveness of false price referencing:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.
>
> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based. And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $_____"), unless substantial sales at that price were actually made.

16 C.F.R. § 233.1 ("FTC Guidelines").

27. By law, after listing a Product for sale for 90 days, Ulike must either (a) return the Product to its original price, or (b) continue to sell at the discounted price while disclosing to consumers the date on which the product was last offered for sale at its alleged former price. Cal. Bus. & Prof. Code § 17501. During the relevant period, Ulike has done neither.

28. During the relevant period, Ulike has never offered for sale or intended to sell its Products at the reference prices displayed in its advertisements. Instead, Ulike displayed these reference prices with the intent to mislead consumers and induce them into making purchases by creating a false impression that they are receiving the Products at a substantial discount.

29. In sum, the Products' reference prices are not the "actual, bona fide price[s]" they purport to be, nor were the Products listed at these prices on a "regular basis," as they are required to be. *See* 16 C.F.R. § 233.1(a).

### III. PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY

30. On or about April 2024, in reliance on Ulike's false and deceptive advertising, Plaintiff Chi Nguyen purchased a Ulike Air 10 from Ulike.com. Ms. Nguyen purchased the Air 10 for the seemingly "discounted" price of $299.00, which Ulike displayed next to the stricken-out reference price of $399.00 – a false promise of $100 off a retail price that was never a real price.

31. When purchasing the Ulike Air 10, Ms. Nguyen was exposed to, read, and relied upon Ulike's false reference pricing claims that the product was being sold at a steep discount from its regular price. Based on that representation, she reasonably believed the product was of a greater value than it would be without the displayed false reference price.

32. Ms. Nguyen is not a sales manager, marketing expert, nor a clothing retailer, but rather a lay consumer who does not have any specialized knowledge of marketing practices, deceptive advertising, or pricing.

33. Ms. Nguyen acted reasonably in relying on the false reference prices listed for the product, which Ulike displayed intending to induce reasonable consumers into purchasing the Products due to the illusory "bargain" they believed they were receiving.

34. Through the misleading price reference scheme described herein, Ulike was able to gain a greater share of the online hair removal device retail market than it would have otherwise.

35. Ms. Nguyen would not have purchased the Ulike Air10, or would have been unwilling to pay the price she did, if she had known that she was not receiving the deep discount promised, and it was being sold in violation of state law.

36. Ms. Nguyen and other Class Members would not have paid what they did for the Ulike Products if they knew the prices represented to them were false and misleading and that the Products were not in fact "worth" the false reference price displayed next to the actual price.

37. Due to Ulike's false price representations, Ms. Nguyen and other Class Members were and are deprived of their benefit of their bargain, and have paid a premium for Products they would not have purchased, or would have only been willing to pay less for, but for the false and misleading reference prices complained of herein.

38. For these reasons, the Products were worth less than what Ms. Nguyen and the Class paid for them, and Ms. Nguyen and the Class lost money because of Ulike's deceptive pricing claims and practices.

39. Ms. Nguyen continues to be interested in the type of hair removal products sold by Ulike, and would like to continue shopping for products it offers. Unless Ulike is enjoined from continuing to use deceptive reference pricing, however, when Ms. Nguyen sees sales from Ulike in the future, she will have no way of knowing whether the reference price is valid, absent monitoring the store for a significant amount of time, at least 30 days and up to 90 days, before she makes a purchase, because she will not otherwise know what the true retail price is.

IV. **ULIKE'S RECENT EFFORTS TO ENFORCE "TERMS AND CONDITIONS" IN A CLICKWRAP AGREEMENT ARE BELATED AND INSUFFICIENT**

40. Recently, and well after Plaintiff made her purchase and sent notice to Ulike that it was violating California law, Ulike, on or about May 19, 2025, changed its "Terms and Conditions," and added a "clickwrap" agreement to its "Terms and Conditions" when purchasers click "Pay Now." This new policy results in the following being shown to customers at check out:

[Screenshot showing a "Pay now" button with links below: Refund policy, Shipping policy, Privacy policy, Terms of service, Contact information. Text reads: "By placing this order, you are confirming that you agree to our Terms and Conditions and Privacy Policy."]

41. But customers still don't need to actively agree to any terms or conditions and may not even notice that they are agreeing to anything other than choosing to make their purchase.

42. It

**CLASS ACTION ALLEGATIONS**

43. While reserving the right to redefine or amend the class definition prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a Class of all persons in the United States, and a subclass of all persons in California, who, at any time during the four years preceding the date of the filing of this Complaint to the time the Class is notified (the "Class Period"), purchased from Ulike.com, or any website redirecting to Ulike.com, any product whose price was represented to be discounted from an advertised reference price (the "Class").

44. Plaintiff seeks to represent a Class of all persons in the United States who, at any time during the four years preceding the date of the filing of this Complaint to the time the Class is notified (the "Class Period"), purchased from Ulike.com, or any website redirecting to Ulike.com, any product whose price was represented to be discounted from an advertised reference price (the "Nationwide Class")

45. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

46. Questions of law and fact common to Plaintiff and the Class include:

   a. whether Ulike regularly used false reference prices to sell its Products;

   b. whether the reference prices used to advertise Ulike's Products were actual, bona fide prices at which the Products were openly and actively offered for sale to the public on a regular basis for a reasonably substantial period of time;

   c. whether Ulike's use of false reference prices to sell its Products was and is deceptive;

   d. whether Ulike's use of false reference prices violated and continues to violate California law;

   e. the proper injunctive and other equitable relief;

   f. the proper amount of damages, including punitive damages;

   g. the proper amount of restitution; and

   h. the proper amount of attorneys' fees.

47. These common questions of law and fact predominate over questions that affect only individual Class Members.

48. Plaintiff's claims are typical of other Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Ulike's conduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Products and suffered economic injury because the Products were misrepresented through the false reference prices. Absent Ulike's unfair business practice of deceptively and unlawfully displaying false reference prices, Plaintiff and Class Members would not have purchased the Products at the prices at which they did, if at all. Thus, Plaintiff advances the same claims and legal theories on behalf of herself and all other Class Members, and no defense is available to Ulike that is unique to Plaintiff.

49. Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation.

50. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

51. Ulike has acted on grounds applicable to the Class, thereby making appropriate declaratory relief concerning the Class as a whole.

52. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), and 23(b)(3).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violations of Washington's Consumer Protection Act, RCW §19.86

### (on Behalf of the Class)

53. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

54. Plaintiff bring this claim individually and on behalf of the members of the proposed Class against Defendant.

55. Plaintiff, the members of the Class, and Defendant are considered "persons" as that term is defined in RCW §19.86.010(1).

56. Plaintiff, the members of the Class, and Defendant engaged in "commerce" as that term is defined in RCW §19.86.010(2).

57. Defendant's conduct as alleged herein is unfair and deceptive. Defendant's misleading statements and omissions regarding its false reference pricing were likely to deceive, and did deceive, Plaintiff and the Class Members.

58. Plaintiff and the Class Members were injured by Defendant's conduct, insofar as they purchased the Products in reliance on Defendant's misleading and false reference pricing, suggesting they were receiving a significant savings from a "retail price" that never actually existed.

59. Defendant's unfair and deceptive conduct occurred in trade or commerce and impacts the public interest because Defendant is in the business of selling its products to thousands of consumers or more throughout the United States.

60. Thousands of consumers or more, throughout the United States, have been and will continue to be affected by Defendant's unfair and deceptive acts and practices.

61. Plaintiff and the Class have been damaged in amounts to be determined at trial.

62. Plaintiff and the Class are also entitled to recover treble their damages, up to $25,000 per Class Member, and their attorneys' fees and costs.

63. Plaintiff and the Class are also entitled to an order enjoining Defendant from engaging in the illegal acts and practices described herein.

## SECOND CAUSE OF ACTION

**Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.***

**(on Behalf of the California Subclass only)**

64. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

65. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200.

66. The acts, omissions, misrepresentations, practices, and non-disclosures of Ulike as alleged herein constitute business acts and practices.

**Fraudulent**

67. A statement or practice is fraudulent under the UCL if it is likely to deceive a significant portion of the public, applying an objective reasonable consumer test.

68. As set forth herein, Ulike's claims relating to the Products' prices are likely to deceive reasonable consumers and the public.

**Unlawful**

69. The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;
- The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;
- The Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45(a)(1) & 52(a).

**Unfair**

70. Ulike's conduct with respect to the advertising and sale of the Products was unfair because its conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers, and the utility of its conduct, if any, did not outweigh the gravity of the harm to its victims.

71. Ulike's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not necessarily limited to the False Advertising Law, the Consumers Legal Remedies Act, and the Federal Trade Commission Act.

72. Ulike's conduct with respect to the advertising and sale of the Products was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided. Specifically, the increase in profits obtained by Ulike through the misleading false reference pricing does not outweigh the harm to Class Members who were deceived into purchasing the Products believing they were worth more than they were actually worth, and that they were buying higher-quality products at a "discount," when they were not.

\*       \*       \*

73. Ulike profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

74. Plaintiff and other Class Members have suffered injury in fact as a result of Ulike's conduct.

75. Plaintiff and other Class Members are likely to continue to be damaged by Ulike's deceptive trade practices, because Ulike continues to advertise false reference price information in its Product advertising and on its website and through other advertising. Thus, injunctive relief enjoining Ulike's deceptive practices is necessary and proper.

76. In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Ulike from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices.

77. Plaintiff also seeks on behalf of the Class an order for the restitution of all monies from the sale of the Products that were unjustly acquired through acts of unlawful competition.

78. Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Ulike's challenged behavior.

### THIRD CAUSE OF ACTION

### Violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*

### (on Behalf of the California Subclass only)

79. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

80. The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

81. Further, the FAL states, "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing [] price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." *Id.* at § 17501.

82. As alleged herein, the advertisements, pricing policies, acts, omissions, and practices of Ulike relating to the Products' pricing misled consumers acting reasonably as to whether the Products were truly "on sale," and truly worth the listed reference price.

83. Plaintiff and other Class Members suffered injury in fact as a result of Ulike's actions as set forth herein because they purchased the Products in reliance on Ulike's false and misleading reference pricing claims.

84. Ulike knew, or reasonably should have known, that advertising the Products with false reference prices was deceptive.

85. Pursuant to Cal. Bus. & Prof. Code § 17535, Ms. Nguyen, on behalf of herself and the Class, seeks an order enjoining Ulike from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

86. Plaintiff also seeks on behalf of the Class restitution of all monies from the sale of the Products that were unjustly acquired through acts of false advertising.

87. Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA, and restitution is not limited to returning to Plaintiff and other Class Members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

## FOURTH CAUSE OF ACTION

**Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.***

**(on Behalf of the California Subclass only)**

88. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

89. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

90. Ulike's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and other Class Members, and violated and continues to violate the following sections of the CLRA:

    a. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

      b.    § 1770(a)(9): advertising goods with intent not to sell them as advertised;

      c.    § 1770(a)(13): making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions; and

      d.    § 1770(a)(16): representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

91. Ulike profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

92. Ulike's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

93. Pursuant to California Civil Code § 1782, more than 30 days before filing this lawsuit, Plaintiff sent written notice of her claims and Ulike's particular violations of the Act to Ulike by certified mail, return receipt requested, but Ulike has failed to implement remedial measures.

94. As a result, Plaintiff and the Class have suffered harm, and therefore seek (a) actual damages resulting from purchases of the Products sold throughout the Class Period to all Class Members, (b) punitive damages, (c) restitution, and (d) attorneys' fees and costs. *See* Cal. Civ. Code § 1780(a).

95. In compliance with Cal. Civ. Code § 1780(d), Plaintiff has filed an affidavit of venue concurrently herewith.

## **PRAYER FOR RELIEF**

96. Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Ulike as to each and every cause of action, and the following remedies:

      a.    An Order declaring this action to be a proper class action, appointing Plaintiff as Class Representative, and appointing Plaintiff's undersigned counsel as Class Counsel;

      b.    An Order requiring Ulike to bear the cost of Class Notice;

      c.    An Order compelling Ulike to remove all misleading and deceptive price referencing from Ulike.com, Ulike's social media pages, and all other places where such deceptive price references are made to customers;

      d.    An Order requiring Ulike to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

e. An Order requiring Ulike to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

f. An Order requiring Ulike to pay compensatory damages and punitive damages as permitted by law;

g. An award of attorneys' fees and costs; and

h. Any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

97. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 22, 2025

/s/ Trevor Flynn

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
PETER GRAZUL
*pgrazul@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**Counsel for Plaintiff**