Jo Levy (CA SBN 136327)
jlevy@nortonlaw.com
Wendy Ray (CA SBN 337703)
wray@nortonlaw.com
Matthew Liscovitz (CA SBN 334381)
mliscovitz@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Telephone: (510) 906-4900

*Attorneys for Defendant*
AMERICA ULIKE INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHI NGUYEN,<br><br>   Plaintiff,<br><br>  v.<br><br>AMERICA ULIKE INTERNATIONAL, INC.,<br><br>   Defendants. | Case No. 3:25-cv-06132-JD<br><br>**DEFENDANT AMERICA ULIKE INTERNATIONAL, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6), AND 12(f)**<br><br>Date:   December 4, 2025<br>Time:   10:00 a.m.<br>Judge:   Hon. James Donato<br>Trial Date: Not Set<br>Action Filed: 07/22/2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 4, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable James Donato, located in Courtroom 11, 19th Floor of the United States Courthouse at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant America Ulike International Inc. will and hereby does move this Court to dismiss Plaintiff Chi Ngyuen's Complaint in its entirety. Alternatively, if each cause of action of the Complaint is not dismissed in its entirety, Defendant also moves the court to strike Plaintiff's claims for punitive damages and disgorgement, and all allegations that are immaterial and impertinent.

Defendant makes this Motion under Federal Rule of Civil Procedure §§ 12(b)1, 12(b)6 and 12(f).This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and Declaration of Jo Levy and their exhibits, the pleadings, and other documents on file in this case, and any other argument or evidence that may be received by the Court upon hearing of this Motion.

Dated: October 23, 2025                    Respectfully submitted,

THE NORTON LAW FIRM PC


By:    _/s/ Jo Levy_____
              Jo Levy

Attorney for Defendant
AMERICA ULIKE INTERNATIONAL INC.

i

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTUAL BACKGROUND ...................................................................................... 2

III.  PROCEDURAL BACKGROUND ............................................................................. 3

IV.   LEGAL STANDARD ................................................................................................ 4

    A.    Rule 12(b)(1) .................................................................................................. 4

    B.    Rule 12(b)(6) .................................................................................................. 4

    C.    Rule 12(f) ....................................................................................................... 5

V.    ARGUMENT ............................................................................................................. 5

    A.    The Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief because (1) she lacks standing and (2) her claims are moot. ................................................. 5

        1.    Plaintiff does not have standing to pursue injunctive relief because she alleged conjectural—not imminent—threat of future harm. .................................................. 5

        2.    Plaintiff's claims for injunctive relief are moot because America Ulike no longer operates the website Plaintiff seeks to alter. ................................................. 7

    B.    Plaintiff's CPA claim fails because she lacks standing to represent a nationwide class and because the CPA does not apply to the claims of the putative nationwide class. ........ 8

    C.    Plaintiff's fraud-based claims fail to satisfy the heightened pleading requirement of Rule 9(b). ....................................................................................... 9

    D.    The Court must dismiss Plaintiff's UCL and FAL claims entirely and the CLRA claim for restitution because Plaintiff has an adequate remedy at law. ..................................... 10

    E.    The Court must dismiss Plaintiff's FAL § 17501 claim because she fails to allege the strikethrough price of the Air10 was not the prevailing market price. ........................... 11

    F.    The Court must dismiss Plaintiff's CLRA claim because her pre-suit demand is deficient .......................................................................................................................... 12

ii

G.    The Court should dismiss or strike Plaintiff's request for punitive damages. .................. 14

H.    The Court should strike Plaintiff's allegations regarding discount coupons and products other than the Air10. .................................................................................................. 14

VI.    CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*10th Gear LLC v. Paccar, Inc.*,
   765 F. Supp. 3d 1078 (W.D. Wash. 2025)................................................................8, 9

*Am. Life Ins. Co. v. Stewart*,
   300 U.S. 203 (1937)...............................................................................................10

*Am. Rivers v. Nat'l Marine Fisheries Serv.*,
   126 F.3d 1118 (9th Cir. 1997) ..................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................4

*Brown v. Food for Life Baking Co., Inc.*,
   658 F. Supp. 3d 732 (N.D. Cal. 2023) ................................................................6, 14

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ..................................................................................4

*Carvalho v. HP, Inc.*,
   No. 21-cv-08015-BLF, 2022 WL 17825688 (N.D. Cal. Dec. 20, 2022)..........................11

*Clark v. InComm Fin. Servs., Inc.*,
   No. EDCV 22-1839 JGB (SHKx), 2023 WL 5167364 (C.D. Cal. July 17, 2023) ..............6

*Comin v. Int'l Business Machines Corp.*,
   No. 19-cv-07261-JD, 2021 WL 463431 (N.D. Cal. Feb. 9, 2021) .................................7

*Crowder v. Shade Store, LLC*,
   No. 23-cv-02331-NC, 2024 WL 944284 (N.D. Cal. Feb. 12, 2024) ...............................11

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ............................................................................4, 5, 6, 9

*Doe 1 v. Univ. of S.F.*,
   685 F. Supp. 3d 882 (N.D. Cal. 2023) ......................................................................14

*Evans v. Sleep No. Corp.*,
   No. 1:24-cv-01136-KES-SAB, 2025 WL 1093332 (E.D. Cal. Apr. 11, 2025) ..................10

*Force MOS Tech. Co., Ltd. v. Lin*,
   No. 22-cv-08938-SVK, 2023 WL 5663148 (N.D. Cal. Aug. 31, 2023).............................14

iv

*Frenzel v. AliphCom*,
    76 F. Supp. 3d 999 (N.D. Cal. 2014) ................................................................................ 12

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022) .......................................................................................... 11

*Henderson v. Gruma Corp.*,
    No. CV 10-04173 AHM (AJWx), 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ............ 10

*Hong v. RugsUSA, LLC*,
    No. 24-CV-08799-AMO, 2025 WL 2710096 (N.D. Cal. Sept. 23, 2025) ........................ 11

*In re Coca-Cola Prods. Marketing & Sales Practices Litig.*, No.,
    20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021) ..................................................... 6

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liability Litig.*,
    689 F. Supp. 3d 760 (C.D. Cal. 2023) ............................................................................... 6

*In re Meta Pixel Tax Filing Cases*,
    724 F. Supp. 3d 987 (N.D. Cal. Mar. 25, 2024) ................................................................ 4

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    313 F. Supp. 3d 1113 (N.D. Cal. 2018) ........................................................................... 14

*Jackson v. Target Corp.*,
    No. 21-cv-08458-LB, 2022 WL 20611259 (N.D. Cal. Jan. 19, 2022) .............................. 14

*Jones v. Micron Tech. Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019) ............................................................................... 8

*Krantz v. Old Copper Co., Inc.*,
    No. 2:24-cv-10031-SPF-BFM, 2025 WL 2326840 (C.D. Cal. Aug. 11, 2025) ............ 8, 12

*Lanovaz v. Twinings N. Am., Inc.*,
    726 F. App'x 590 (9th Cir. 2018) ...................................................................................... 6

*Linton v. Axcess Fin. Servs., Inc.*,
    No. 23-cv-01832-CRB, 2023 WL 4297568 (N.D. Cal. June 30, 2023) ............................. 5

*Maddry v. Luoxue*,
    No. 5:25-cv-02449-BLF, 2025 WL 822692 (N.D. Cal. Mar. 14, 2025) ............................. 7

*Madrid v. Perot Sys. Corp.*,
    130 Cal. App. 4th 440 (2005) .......................................................................................... 10

*Marsh v. Zaazoom Sols., LLC*,
    No. C-11-05226-YGR, 2012 WL 952226 (N.D. Cal. Mar. 20, 2012) .............................. 10

*Martinez-Graciano v. JRA Trademark Co., Ltd.*,
    No. EDCV 24-2529 JGB (SPx), 2025 WL 636711 (C.D. Cal. Feb. 27, 2025) .................. 6

v

*Moore v. Mars Petcare US, Inc.*,
   No. 16-cv-07001-MMC, 2023 WL 4536882 (N.D. Cal. July 12, 2023) ....................5

*Munning v. Gap, Inc.*,
   No. 16-cv-03804-TEH,2016 WL 6393550 (N.D. Cal. Oct. 28, 2016) ....................12

*Nacarino v. KSF Acquisition Corp.*,
   642 F. Supp. 3d 1074 (N.D. Cal. 2022) ....................12

*Outboard Marine Corp.*,
   52 Cal. App. 3d 30 (1975) ....................12

*Paschoal v. Campbell Soup Co.*,
   No. 21-cv-07029-HSG, 2022 WL 4280645 (N.D. Cal. Sept. 15, 2022)....................6

*Pena v. Int'l Med. Dev., Inc.*,
   No. 2:22-cv-03391-SSS-PLAx, 2023 WL 5667538 (C.D. Cal. Jan. 10, 2023)....................6

*Phan v. Sargento Foods, Inc.*,
   No. 20-cv-09251-EMC, 2021 WL 2224260 (N.D. Cal. June 2, 2021) ....................9

*Romero v. Flowers Bakeries, LLC*,
   No. 14-cv-05189-BLF, 2015 WL 2125004 (N.D. Cal. May 6, 2015) ....................12

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ....................4

*Shaw v. Ocwen Loan Servicing, LLC*,
   No. 15-cv-01755-JD, 2017 WL 11674142 (N.D. Cal. Sept. 22, 2017) ....................4

*Shin v. ICON Found.*,
   No. 20-cv-07363-WHO, 2021 WL 1893117 (N.D. Cal. May 11, 2021)....................14

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ....................10

*Soo v. Lorex Corp.*,
   No. 20-cv-01437-JSC, 2020 WL 5408117 (N.D. Cal. Sept. 9, 2020) ....................9

*Sperling v. Stein Mart, Inc.*,
   291 F. Supp. 3d 1076 (C.D. Cal. 2018) ....................11

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)....................5

*Threshold Enters. Ltd. v. Pressed Juicery, Inc.*,
   445 F. Supp. 3d 139 (N.D. Cal. 2020) ....................4

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ....................9

*Vizcarra v. Michaels Stores, Inc.*,
  710 F. Supp. 3d 718 (N.D. Cal. 2024) ..........................................................................4, 11

*Whelan v. BDR Thermea*,
  No. C-11-02146 EDL, 2011 WL 6182329 (N.D. Cal. Dec. 13, 2011) ...........................12

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) .............................................................................................5

*Young v. Oakland Unified Sch. Dist.*,
  No. 20-cv-00685-VC, 2020 WL 6684844 (N.D. Cal. Nov. 12, 2020) ...............................7

**Statutes**

Cal. Bus. & Prof. Code § 17200 .................................................................................................1

Cal. Bus. & Prof. Code § 17500 .................................................................................................1

Cal. Civ. Code § 1750 ................................................................................................................1

Cal. Civ. Code § 1770 ..............................................................................................................12

Cal. Civ. Code § 1782 ..............................................................................................................11

Cal. Civ. Code § 1782(a) ..........................................................................................................12

Cal. Civ. Code § 1782(a)(1) ......................................................................................................12

Cal. Civ. Code § 3294(a) ..........................................................................................................14

Civ. Code § 3294(b) .................................................................................................................14

U.S. Const. art. III ......................................................................................................................7

Wash. Rev. Code § 19.86 ...........................................................................................................1

**Rules**

Rule 12(b)(1) ..............................................................................................................................4

Rule 12(b)(6) ..............................................................................................................................4

Fed. R. Civ. P. 12(f) ...........................................................................................................5, 7, 14

**Other Authorities**

11A Wright & Miller, *Federal Practice and Procedure* § 2956 (3d ed.) ...................................8

## I.  INTRODUCTION

Defendant America Ulike International Inc. ("America Ulike") is a Washington State corporation that markets and sells cutting-edge beauty products that use patented Intense Pulsed Light ("IPL") and cooling technology to painlessly remove body hair ("Products"). One of these products is the Air 10. Plaintiff is a California resident who alleges she purchased an Air 10 in April 2024 from www.ulike.com ("ulike.com"), a website that America Ulike operated at that time. Dkt. 1 ¶¶ 8, 30. On July 22, 2025, Plaintiff filed a putative class action claiming America Ulike engaged in false and deceptive advertising by displaying a price of $299.00 "next to the stricken-out reference price of $399.00 – a false promise of $100 off a retail price that was never a real price." *Id.* ¶ 30.

The Complaint asserts four causes of action for alleged violations of Washington and California consumer protection statutes: Washington's Consumer Protection Act, Wash. Rev. Code § 19.86 et seq. ("CPA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"), and California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA"). Each cause of action seeks injunctive relief.  Plaintiff also seeks damages under the CPA and CLRA, restitution under the UCL, FAL, and CLRA, punitive damages, disgorgement, and attorneys' fees.

America Ulike moves to dismiss the Complaint in its entirety on the following grounds: (1) Plaintiff lacks standing to seek injunctive relief because she has alleged only conjectural future harm, and her claims are moot because America Ulike no longer operates ulike.com; (2) Plaintiff lacks standing to represent a nationwide class under the CPA,  which also would not apply to the putative nationwide class; (3) the fraud-based claims fail to satisfy the heightened pleading requirement of Rule 9(b); (4) the UCL, FAL, and CLRA claims seek equitable relief despite the availability of an adequate remedy at law; (5) the FAL claim lacks allegations regarding the prevailing-market-price of the Air 10; and (6) Plaintiff's pre-suit CLRA demand letter was deficient. If the Court does not dismiss the Complaint in its entirety, America Ulike requests that the Court strike Plaintiff's (1) nationwide class allegations; (2) claims for injunctive relief, (3) prayer for punitive damages; (4) claims for non-restitutionary disgorgement; and (5) allegations related to the use of coupons and products other than the Air10.

## II. FACTUAL BACKGROUND

America Ulike markets and sells Intense Pulsed Light hair removal products that employ cutting-edge, patented technology. *See* Dkt. 1 ¶ 10. One of these products is the Air 10. *Id.* Plaintiff, a California resident, alleges she bought an Air10 in April 2024 from ulike.com. *Id.* ¶¶ 10, 30.

According to the Complaint, Plaintiff "purchased the Air 10 for the seemingly 'discounted' price of $299.00, which Ulike displayed next to the stricken-out reference price of $399.00 – a false promise of $100 off a retail price that was never a real price." *Id.* ¶ 30. The Complaint also alleges that, "[w]hen purchasing the Ulike Air 10, Ms. Nguyen was exposed to, read, and relied upon Ulike's false reference pricing claims that the product was being sold at a steep discount from its regular price. Based on that representation, she reasonably believed the product was of a greater value than it would be without the displayed false reference price." *Id.* ¶ 31.

Plaintiff then claims she and the "other Class Members would not have paid what they did" if they knew the prices were false and misleading, that they were deprived of the "benefit of their bargain, and have paid a premium for Products they would not have purchased, or would have only been willing to pay less for." *Id.* ¶ 36–37. She further asserts that the "Products were worth less than what Ms. Nguyen and the Class paid for them" and that she "continues to be interested in the type of hair removal products sold by Ulike, and would like to continue shopping for products it offers." *Id.* ¶ 38–39.

Although the Complaint contains images of Products other than the Air 10, such as the Ulike X and Air 3, Plaintiff does not allege that she bought an Air 3 or Ulike X. The Complaint also contains allegations about the use of coupons and coupon codes, but Plaintiff does not allege she saw or used coupons or coupon codes to purchase her Air 10. Nor does she claim to have seen the words "former," "original," or "regular" to describe the $399 price. The Complaint also lacks any allegation that $399 was not a "prevailing market price" in the three months preceding Plaintiff's purchase.

Finally, as reflected in the May 19, 2025 Terms of Service Plaintiff incorporated by reference into the Complaint and the August 7, 2025 Terms of Service attached to the accompany Request for Judicial Notice, America Ulike no longer operates ulike.com and is no longer the contracting party for any current or future purchases on that website.

### III. PROCEDURAL BACKGROUND

On April 14, 2025, Plaintiff's lawyer sent a demand letter to America Ulike's registered agent stating that Plaintiff purchased an Air 10 from ulike.com based on a strikethrough price of $399 and a sales price of $299 and that America Ulike violated two provisions of the CLRA: 1770(a)(13) and 1770(a)(16). The letter describes the steps Plaintiff demanded of America Ulike to rectify the alleged violations: "Ulike must cease the misleading practice, conduct a corrective advertising campaign, and refund purchasers of products from its e-commerce website, Ulike.com who make claims, the difference between the price paid and the "discounted from" price, i.e., that amount of the bargain they expected to, but did not receive." *See* Declaration of Jo Levy ("Levy Decl."), Ex. C.

On July 22, 2025, Plaintiff filed this lawsuit asserting four causes of action. The first cause of action, under Washington's CPA, seeks damages, treble damages up to $25,000 per person, attorneys' fees, and an injunction enjoining America Ulike from engaging in the practices Plaintiff deems illegal. Dkt. 1 ¶¶ 61–63. It is the only cause of action that purports to be on behalf of a nationwide class. The Complaint offers no facts supporting application of the CPA to a nationwide class or Plaintiff's standing to represent a nationwide class. Rather, Plaintiff asserts that she resides in California, the transaction at issue took place in California, and America Ulike has a presence in Alameda County, California. *See id.* ¶¶ 5–8; Dkt. 1-1 ¶ 2.

The second cause of action asserts claims under the fraudulent, unlawful, and unfair prongs of the UCL and seeks equitable relief on behalf of a subclass of California purchasers in the form of restitution and an injunction against America Ulike. Dkt. 1 ¶¶ 64–78. The third cause of action seeks equitable relief on behalf of a subclass of California purchasers under Section 17501 of the FAL, a statute that restricts the use of "former prices" in advertising unless the former prices were the "prevailing market rate" in the preceding three months. *Id.* ¶¶ 79–87.

Plaintiff brings her fourth cause of action on behalf of a California subclass of purchasers under sections 1770(a)(7), (a)(9), (a)(13), and (a)(16) of the CLRA. Nevertheless, in her pre-suit demand letter, Plaintiff identified only violations of sections 1770(a)(13) and (a)(16). Levy Decl., Ex. 1 at PDF p. 5.

1    **IV. LEGAL STANDARD**

2    **A. Rule 12(b)(1)**

3         "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*,

4    373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack argues that a complaint's allegations are, on their

5    face, insufficient to establish federal jurisdiction. *Id.* A factual attack presents the court with "evidence

6    beyond the complaint" to dispute the truth of allegations that would otherwise establish federal

7    jurisdiction. *Id.* District courts may consider external evidence of mootness when a defendant presents it,

8    though they may not resolve genuinely disputed facts. *Id.* "In general, websites and their contents may

9    be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D.

10   Cal. 2020) (collecting cases); *see also In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1001

11   (N.D. Cal. Mar. 25, 2024) (taking judicial notice of company's terms of service on its website).

12   **B. Rule 12(b)(6)**

13        To survive a Rule 12(b)(6) motion to dismiss, a complaint must be "plausible on its face." *Shaw*

14   *v. Ocwen Loan Servicing, LLC*, No. 15-cv-01755-JD, 2017 WL 11674142, at *1 (N.D. Cal. Sept. 22,

15   2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible on its face

16   if, accepting all factual allegations as true and construing them in the light most favorable to the

17   plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged." *Id.*

18   Although the court must accept factual allegations as true, this rule does not apply to "[t]hreadbare

19   recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v.*

20   *Iqbal*, 556 U.S. 662, 678 (2009).

21        Moreover, in cases, like this one, that allege deceptive reference pricing, courts in this district

22   consistently require plaintiffs to satisfy Rule 9(b)'s heightened pleading standard, which requires

23   plaintiffs to "state with particularity the circumstances constituting fraud or mistake." *See, e.g.*, *Vizcarra*

24   *v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 728 (N.D. Cal. 2024) (requiring heightened pleading for

25   causes of action under the UCL, FAL and CLRA). "To properly plead fraud with particularity under

26   Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as

27   well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'"

28   *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quoting *Cafasso, U.S. ex rel. v.*

4

*Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

### C.  Rule 12(f)

Courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). "The function of a motion to strike pursuant to Rule 12(f) is 'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up).

## V.  ARGUMENT

### A.  The Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief because (1) she lacks standing and (2) her claims are moot.

#### 1.  Plaintiff does not have standing to pursue injunctive relief because she alleged conjectural—not imminent—threat of future harm.

To establish standing for prospective injunctive relief, a plaintiff must demonstrate a threat of future injury that is "actual and imminent, not conjectural or hypothetical." *Davidson*, 889 F.3d at 967 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). In false advertising cases, a plaintiff can allege a sufficient threat of future injury in one of two ways: (1) by alleging "that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to;" or (2) by alleging "that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 969–70.

Plaintiff alleges she "continues to be interested in the type of hair removal products sold by America Ulike, and would like to continue shopping for products it offers." Dkt. 1 ¶ 39. This allegation speaks to Plaintiff's potential willingness to ***shop*** on ulike.com; it says nothing about Plaintiff's future desire to ***purchase*** products from ulike.com. This deficiency is sufficient to dismiss Plaintiff's claims for injunctive relief for lack of standing. *See Moore v. Mars Petcare US, Inc.*, No. 16-cv-07001-MMC, 2023 WL 4536882, at *4 (N.D. Cal. July 12, 2023) (finding no standing to pursue injunctive relief where plaintiffs alleged they would "not buy a product as currently constituted" but failed to allege that they would "buy it if it is changed"); *Linton v. Axcess Fin. Servs., Inc.*, No. 23-cv-01832-CRB, 2023 WL 4297568, at *4 (N.D. Cal. June 30, 2023) (dismissing claim for injunctive relief where plaintiff merely

alleged that the defendant's unlawful conduct would continue absent an injunction).

At most, the Complaint alleges Plaintiff would **consider** purchasing products on ulike.com in the future so long as America Ulike altered the way it displays its prices. Such allegations are inadequate to establish standing to seek injunctive relief. *See In re Coca-Cola Prods. Marketing & Sales Practices Litig.*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) (dismissing claims for injunctive relief where plaintiffs would merely "*consider*" purchasing the product in the future); *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) (dismissing claim for injunctive relief where plaintiff "would consider buying" product in the future); *Clark v. InComm Fin. Servs., Inc.*, No. EDCV 22-1839 JGB (SHKx), 2023 WL 5167364, at *8 (C.D. Cal. July 17, 2023) (dismissing claim for injunctive relief where plaintiffs alleged they "may" purchase product in the future); *Pena v. Int'l Med. Dev., Inc.*, No. 2:22-cv-03391-SSS-PLAx, 2023 WL 5667538, at *5 (C.D. Cal. Jan. 10, 2023) (dismissing claim for injunctive relief where plaintiff alleged a "possibility" he would purchase the product in the future).

Moreover, any expression of a future desire to purchase an Air10—or any other electronic hair removal product—the Complaint might evince is belied by the nature of the product itself. Cases that have deemed allegations about future purchases sufficient to establish an imminent threat of future harm largely involve single-use products. *See, e.g., Davidson*, 889 F.3d at 962 (involving flushable wipes); *Paschoal v. Campbell Soup Co.*, No. 21-cv-07029-HSG, 2022 WL 4280645, at *5 (N.D. Cal. Sept. 15, 2022) (involving "baby and toddler food products"); *Brown v. Food for Life Baking Co., Inc.*, 658 F. Supp. 3d 732, 742 (N.D. Cal. 2023) (involving loaves of bread). The Air10, however, is designed for repeated use, making Plaintiff's interest in purchasing another Air10, or any other IPL product, entirely speculative. And her Complaint alleges no facts indicating a need or desire for another IPL product in the future. Any inference to the contrary would be unreasonable. *See Martinez-Graciano v. JRA Trademark Co., Ltd.*, No. EDCV 24-2529 JGB (SPx), 2025 WL 636711, at *3 (C.D. Cal. Feb. 27, 2025) (refusing to infer that plaintiff would purchase clothes from defendant in the future even though she did so in the past and "likely buys clothes on a semi regular basis"); *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liability Litig.*, 689 F. Supp. 3d 760, 777 (C.D. Cal. 2023) (finding no standing where plaintiffs did not express a desire to purchase vehicle transmissions in the future and argued that

they "would be unable to rely on any of [defendant's] labels in the future").

Plaintiff's conjectural assertion that she would like to "continue shopping" for IPL products fails to support a finding of imminent future harm and, for this reason, the Court must dismiss her claims for injunctive relief. And to the extent the Court does not dismiss any of Plaintiff's claims outright, the Court should nevertheless strike Plaintiff's requests for injunctive relief pursuant to Rule 12(f). *See Comin v. Int'l Business Machines Corp.*, No. 19-cv-07261-JD, 2021 WL 463431, at *5 (N.D. Cal. Feb. 9, 2021) (striking prayers for declaratory and injunctive relief where plaintiff lacked standing); *Young v. Oakland Unified Sch. Dist.*, No. 20-cv-00685-VC, 2020 WL 6684844, at *1 (N.D. Cal. Nov. 12, 2020) (striking request for injunctive relief where plaintiff lacked standing).

### 2. Plaintiff's claims for injunctive relief are moot because America Ulike no longer operates the website Plaintiff seeks to alter.

Federal courts may only adjudicate live cases and controversies. U.S. Const. art. III, § 2. "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). Here, Plaintiff alleges she purchased an Air10 in April 2024 on www.ulike.com. Dkt. 1 ¶ 30. As reflected by the May 19, 2025 Terms of Service, America Ulike operated ulike.com at that time. Declaration of Jo Levy in Support of Request for Judicial Notice, Ex. B at 1 (noting that ulike.com "is a site operated by AMERICA ULIKE INTERNATIONAL INC." under Part I, section 1). But in August 2025, ulike.com published a new Terms of Service ("August 2025 Terms") that reflects a significant change: ulike.com is no longer operated by America Ulike. *See id.*, Ex. A at 1 (noting that ulike.com "is a site operated by AMERICA ULIKE E-COMMERCE CO., LTD." under Part I, section 1). It is operated by America Ulike E-Commerce Co., Ltd, a company registered and located in the state of New York ("Ulike E-Commerce"). *Id.* Moreover, Part 2 of the August 2025 Terms provides that anyone purchasing products from ulike.com after August 4, 2025, is contracting with Ulike E-Commerce. *Id.* at 2-4. Because America Ulike no longer operates ulike.com and is not the contracting party for future purchasers, a court order directing America Ulike to change the website would be futile. Nor could this Court issue an order effectively requiring Ulike E-Commerce to alter the website as Ulike E-Commerce is not a party to this lawsuit. *See Maddry v. Luoxue*, No. 5:25-cv-02449-BLF, 2025 WL 822692, at *3 (N.D. Cal. Mar.

14, 2025) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction." (quoting 11A Wright & Miller, *Federal Practice and Procedure* § 2956 (3d ed.))).

Because the change of control of ulike.com prevents the Court from granting effective injunctive relief, Plaintiff's claims for injunctive relief are moot. The Court must dismiss or strike them.

**B. Plaintiff's CPA claim fails because she lacks standing to represent a nationwide class and because the CPA does not apply to the claims of the putative nationwide class.**

Plaintiff is a California resident who purchased an Air10 in Alameda County, California. Dkt. 1 ¶¶ 7–8. She admits that the "transactions that are the subject of the action occurred in [Alameda] county," and she asserts claims under three California statutes on behalf of herself and a putative subclass of California purchasers. Dkt. 1-1 ¶ 2; Dkt. 1 ¶¶ 64–95. The Complaint does not allege any connection between Plaintiff and any state other than California. "Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019) (collecting cases); *Krantz v. Old Copper Co., Inc.*, No. 2:24-cv-10031-SPF-BFM, 2025 WL 2326840, at *11 (C.D. Cal. Aug. 11, 2025). "Plaintiffs must show they have standing for each claim they raise, and Plaintiffs do not have standing to bring claims under the laws of states where they have alleged no injury, residence, or other pertinent connection." *Jones*, 400 F. Supp. 3d at 909. It is Plaintiff's burden to establish standing to pursue claims under Washington law, and her failure to do so requires this Court to dismiss the CPA claim.

Moreover, the Court should dismiss the nationwide class under Washington law with prejudice because any attempt to amend it would be futile. A 2025 decision from the Western District of Washington rejecting a putative nationwide class action by residents of states outside of Washington is instructive. In *10th Gear LLC v. Paccar, Inc.*, 765 F. Supp. 3d 1078, 1086 (W.D. Wash. 2025), a group of plaintiffs brought a putative nationwide class action against a Washington corporation for unfair and deceptive practices under the CPA, alleging the defendant made misrepresentations and omissions about defects in its trucks. Notably, "all of the named plaintiffs are residents of, received defendant's representations, purchased their vehicle, sought warranty repairs, and suffered injury in states other than Washington." *Id.* The court conducted a choice of law analysis under Washington law, concluded the

8

laws of the plaintiffs' home states had a greater interest in applying their consumer protection laws than Washington did in applying the CPA, and ruled that the CPA did not apply. *Id.* at 1086–88. While the court recognized that Washington has an interest in making sure its businesses conduct themselves in a fair and honest way, it also recognized each state's interest in applying its own consumer protection laws and concluded that "the states in which plaintiffs reside have the most significant relationship to the misrepresentations/omissions that form the basis of plaintiff's CPA claim." *Id.* at 1088–89. A similar outcome is called for here.

Plaintiff lacks standing to assert a claim under Washington law, and the Court should dismiss this cause of action. Moreover, Plaintiff cannot represent a nationwide class, and any attempt to assert a nationwide class under Washington's CPA would be futile. Accordingly, the Court should dismiss, or in the alternative strike, Plaintiff's nationwide class allegations. *See Phan v. Sargento Foods, Inc.*, No. 20-cv-09251-EMC, 2021 WL 2224260, at *10–13 (N.D. Cal. June 2, 2021) (striking nationwide class allegations at motion to dismiss stage); *Soo v. Lorex Corp.*, No. 20-cv-01437-JSC, 2020 WL 5408117, at *11 (N.D. Cal. Sept. 9, 2020) (dismissing nationwide class claims brought under laws of states other than those in which plaintiffs suffered injury).

### C. Plaintiff's fraud-based claims fail to satisfy the heightened pleading requirement of Rule 9(b).

Where a complaint is grounded in fraud, the plaintiff must meet the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Here, the Complaint is premised on a course of conduct Plaintiff claims was fraudulent and deceptive. Accordingly, under Rule 9(b), Plaintiff must provide the "who, what, where, when, and how" of the misconduct charged. *Davidson*, 889 F.3d at 964 (internal quotation omitted). Although the Complaint is a mishmash of accusations about a number of products and product displays, Plaintiff failed to plead with particularity the "how" of the alleged misconduct related to her purchase. Instead, there are undated images of products Plaintiff did not buy—a Ulike Air 3 and a Ulike X—and allegations about coupons she did not see. Dkt. 1 ¶¶ 13–18. Nor did she explain why she presumed the stricken-through price was a former price rather than a comparison to other retailers, MSRP, or other valuation. Alleging only that she saw a strikethrough price of $399 next to the price of $299, she asserts "she reasonably believed the product was of greater value than it would be without the displayed false reference price." *Id.* ¶ 31.

9

Without more information about what Plaintiff actually saw, including the context for assuming a reasonable consumer would believe the strikethrough price was a former price, her fraud claims fail to meet Rule 9(b)'s particularity standard and must be dismissed.

**D. The Court must dismiss Plaintiff's UCL and FAL claims entirely and the CLRA claim for restitution because Plaintiff has an adequate remedy at law.**

To state a claim for equitable restitution under the UCL, FAL, and CLRA, a plaintiff must "establish that she lacks an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). A remedy at law is adequate if it "is equally prompt and certain and in other ways efficient." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937).

Here, the Complaint's assertions that Plaintiff's "legal remedies are inadequate," Dkt. 1 ¶¶ 78, 87, are conclusory. Plaintiff seeks compensatory and punitive damages under the CLRA. *Id.* ¶ 94. She fails to allege facts demonstrating that her CLRA claim for damages would not be as prompt, certain, or efficient as her claims for restitution. Alleging that claims under the "unfair" prong of the UCL "sweep more broadly" than her legal claims and that the Court "could" apply a different standard to her restitution and damages claims does not impact whether her potential legal remedies are "adequate" or whether their resolution would be less prompt, less certain, or less efficient than her damages claims. *See Evans v. Sleep No. Corp.*, No. 1:24-cv-01136-KES-SAB, 2025 WL 1093332, at *7–*8 (E.D. Cal. Apr. 11, 2025) (dismissing UCL and FAL claims where complaint did not articulate "a plausible way to calculate" restitution). Accordingly, the Court must dismiss Plaintiff's UCL, FAL, and CLRA claims to the extent they seek equitable restitution.

Nor can Plaintiff state a claim by requesting that Ulike "disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice." Dkt. 1 at 16. A request to disgorge "*all* monies" is one for non-restitutionary disgorgement, *see Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *9 (C.D. Cal. Apr. 11, 2011), which California law prohibits, *see Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 460 (2005). Plaintiff cannot state a claim on this theory, and the Court must accordingly dismiss the UCL and FAL claims. *See Marsh v. Zaazoom Sols., LLC*, No. C-11-05226-YGR, 2012 WL 952226, at *14 (N.D. Cal. Mar. 20, 2012). At the very least, it should strike Plaintiff's prayer for disgorgement. *See Henderson*, 2011 WL 1362188, at *9.

The fact that the Court must dismiss Plaintiff's CLRA claim due to Plaintiff's failure to comply

with Cal. Civ. Code § 1782 , *see infra* Section V.A.7, does not mean that she no longer has an adequate remedy at law. A plaintiff "cannot have neglected his opportunity to pursue his CLRA damages claim, which was an adequate remedy at law, and then be rewarded for that neglect with the opportunity to pursue his equitable UCL claim in federal court." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022). The Court must dismiss Plaintiff's equitable claims.

**E. The Court must dismiss Plaintiff's FAL § 17501 claim because she fails to allege the strikethrough price of the Air10 was not the prevailing market price.**

"To plausibly allege a Section 17501 violation, [Plaintiff] must . . . allege that the advertised regular price was not the prevailing market price." *Hong v. RugsUSA, LLC*, No. 24-CV-08799-AMO, 2025 WL 2710096, at *4 (N.D. Cal. Sept. 23, 2025). To meet the statutory requirement, Plaintiff "must provide something more than a mere comparison to the defendant's own pricing." *Id.* The adequacy of such allegations depends on whether the Air 10 is an "exclusive" or "non-exclusive" product. *Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 17825688, at *5 (N.D. Cal. Dec. 20, 2022). Exclusive products are products a company makes exclusively for an outlet store that are different versions of products it makes for its traditional store. *Id.* Non-exclusive products are products that more than one retailer offers for sale. *Id.* For non-exclusive products, "courts tend to reject claims unless the plaintiff establishes that the comparative reference price is misleading." *Id.* (quoting *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018)).

The Air10 is a non-exclusive product. Nowhere in the complaint does Plaintiff allege that America Ulike exclusively sells its IPL Products on its website. *Cf. Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp.3d 718, 727 (N.D. Cal. 2024) (denying motion to dismiss where complaint explicitly alleged that "most products" at issue were "exclusive" or "private brand"). In fact, Plaintiff acknowledges that "it is possible that the falsely referenced price reflected the actual sale price on third-party retailer websites not controlled by Ulike." Dkt. 1 at p. 3, n.2. Thus, she acknowledges that this case may concern non-exclusive products and that strikethrough prices on ulike.com may be the prevailing market price at which other retailers sell Ulike Products. Accordingly, Plaintiff "must provide something more than a mere comparison to [Ulike's] own pricing." *Hong*, 2025 WL 2710096, at *4; *see also Crowder v. Shade Store, LLC*, No. 23-cv-02331-NC, 2024 WL 944284, at *2–*3 (N.D. Cal. Feb. 12, 2024) (dismissing section 17501 claim where plaintiff did not allege that the product in question was

11

exclusive or "how the products are sold to consumers"). Because Plaintiff has not done so, the Court must dismiss her Section 17501 claim.

### F. The Court must dismiss Plaintiff's CLRA claim because her pre-suit demand is deficient.

Before filing a claim for CLRA violations, a plaintiff must send a pre-suit demand to the defendant identifying the "particular alleged violations" and what  the defendant must do to "correct, repair, replace, or otherwise rectify" those violations. Cal. Civ. Code § 1782(a). "The CLRA's notice requirement is not jurisdictional, but compliance with the requirement is necessary to state a claim." *Whelan v. BDR Thermea*, No. C-11-02146 EDL, 2011 WL 6182329, at *4 (N.D. Cal. Dec. 13, 2011). Courts construe its requirements strictly. *Nacarino v. KSF Acquisition Corp.*, 642 F. Supp. 3d 1074, 1083 (N.D. Cal. 2022); *Outboard Marine Corp.*, 52 Cal. App. 3d 30, 41 (1975) (requiring a "literal application of the notice provisions"). Plaintiff's pre-suit demand is deficient in multiple ways.

A pre-suit demand must list the "particular alleged violations" of the CLRA. Cal. Civ. Code § 1782(a)(1). Here, the pre-suit demand states that America Ulike has violated "at least" subsections (a)(13) and (a)(16) of Cal. Civ. Code § 1770. Levy Decl., Ex. 1 at PDF p. 5. The Complaint, however, bases America Ulike's liability on subsections ***(a)(7)***, ***(a)(9)***, (a)(13), and (a)(16). Dkt. 1 ¶ 90. Because the demand fails to mention subsections (a)(7) and (a)(9), the Court must dismiss the CLRA damages claim. *Krantz*, 2025 WL 2326840, at *9; *Munning v. Gap, Inc.*, No. 16-cv-03804-TEH,2016 WL 6393550, at *4 (N.D. Cal. Oct. 28, 2016); *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2015 WL 2125004, at *8 (N.D. Cal. May 6, 2015).

Plaintiff's pre-suit demand is also deficient because the products, conduct, and damages identified in the CLRA notice letter are not the same as the products, conduct, and damages alleged in the Complaint. To comply with the CLRA notice requirement, a plaintiff must give notice of each particular product on which her CLRA damages claim is based, even where the products are substantially similar. *See Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1016 (N.D. Cal. 2014). "Courts in this circuit have . . . held that a plaintiff must provide notice regarding each particular product on which his CLRA damages claims are based, even where the products qualify as substantially similar." *Id.* The only product Plaintiff bought, and the only specific product identified in the CLRA notice letter, is the Air10. *See* Levy Decl., Ex. B. In contrast, her CLRA cause of action seeks damages resulting from

purchases of the "Products," which it defines as "various Intense Pulse Light hair removal devices, including at least the Ulike Air 3, Ulike Air 10, Ulike Air+, Ulike X, and Ulike Rose." Dkt. 1 ¶¶ 10, 94. Because the pre-suit demand only identified the Air10 while the Complaint alleges defects regarding "at least" the Air 3, Air+, Ulike X and Ulike Rose," Plaintiffs' CLRA notice is deficient. Her CLRA claim for damages must be dismissed.

Similar reasoning applies to the drastically different conduct and damages identified in the CLRA demand as compared to the Complaint. The CLRA demand identifies the alleged violation as the use of "strikethrough" pricing to allegedly represent a "discount" off the "original" price. *See* Levy Decl., Ex. B. at PDF p. 3–4. This is consistent with Plaintiff's description of her purchase in the Complaint at paragraph 30. But Plaintiff also bases her claim for damages on alleged misconduct that is not contained in the CLRA notice: that America Ulike "alternatively advertised a higher 'retail' price, not with a strikethrough, but by placing it next to a prominent statement that a coupon would be applied." Dkt. 1 ¶ 15.

On damages, the CLRA notice demands that America Ulike "refund purchasers of products from its e-commerce website, Ulike.com who make claims, the difference between the price paid and the 'discounted from' price." Levy Decl., Ex. B at PDF p. 5. This essentially equates to payment of $100, or the difference between the alleged "strikethrough" price of $399 and the $299, to the Plaintiff. In contrast, the Complaint describes a "price premium" model where Plaintiff claims the products were "worth less than what Ms. Nguyen and the Class paid for them," and that they "paid a premium for Products they would not have purchased, or would only have been willing to pay less for" but for the alleged misconduct. Dkt. 1 ¶¶ 37–38. In other words, the new damages model seeks the difference between $299 and some value less than $299 which Plaintiff contends is the true value of the product. Just like Plaintiff's inclusion of products not identified in the CLRA letter renders the notice deficient, Plaintiff's inclusion of alleged misconduct (the use of coupons) and a damages model that was not in her CLRA demand renders the notice deficient and requires dismissal of the CLRA claims for damages.

To the extent Plaintiff's CLRA claim is not dismissed outright, the Court should strike her claims for damages under the CLRA based on the deficiencies in her notice.

**G.  The Court should dismiss or strike Plaintiff's request for punitive damages.**

To the extent the Court does not dismiss each cause of action, it should nevertheless dismiss or strike Plaintiff's request for punitive damages because Plaintiff has not sufficiently alleged facts to show that America Ulike was "guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Under California law, "a corporate entity cannot commit willful and malicious conduct; instead, 'the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.'" *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1147 (N.D. Cal. 2018) (quoting Civ. Code § 3294(b)). Here, the Complaint includes no allegations regarding any individuals responsible for America Ulike's alleged misconduct. Accordingly, the Court should dismiss, or in the alternative strike, Plaintiff's request for punitive damages. *See Brown v. Food for Life Baking Co.*, 685 F. Supp.3d 732, 743 (N.D. Cal. 2023) (dismissing request for punitive damages because plaintiff made no allegations regarding the defendant's officers, directors, or managing agents); *Shin v. ICON Found.*, No. 20-cv-07363-WHO, 2021 WL 1893117, at *14–15 (N.D. Cal. May 11, 2021) (same); *Jackson v. Target Corp.*, No. 21-cv-08458-LB, 2022 WL 20611259, at *3 (N.D. Cal. Jan. 19, 2022) (striking prayer for punitive damages); *Force MOS Tech. Co., Ltd. v. Lin*, No. 22-cv-08938-SVK, 2023 WL 5663148, at *7 (N.D. Cal. Aug. 31, 2023) (same).

**H.  The Court should strike Plaintiff's allegations regarding discount coupons and products other than the Air10.**

The Court may strike matter from a pleading that is immaterial or impertinent. Fed. R. Civ. P. 12(f). "'Immateriality' and 'impertinence' under Rule 12(f) both speak to the relevance of challenged allegations." *Doe 1 v. Univ. of S.F.*, 685 F. Supp. 3d 882, 894 (N.D. Cal. 2023). Material is immaterial if it "has no essential or important relationship to the claim for relief." *Id.* (internal quotation omitted). It is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotation omitted). Here, the Complaint contains allegations and images related to the Ulike Air 3 and Ulike X. Dkt. 1 ¶¶ 10, 13–17. It also contains allegations related to America Ulike's use of coupons. *Id.* ¶¶ 15–18. But Plaintiff does not allege that she purchased an Air 3 or X. Nor does she allege that she purchased any products from America Ulike using coupons. Accordingly, these allegations have no important relationship to Plaintiff's claims and are not necessary to the issues in this

14

case. The Court should strike these allegations.

**VI. CONCLUSION**

For all of the reasons asserted above, Defendant America Ulike International, Inc. respectfully requests that the Court dismiss the Complaint in its entirety.

Dated: October 23, 2025                              Respectfully submitted,

                                                    THE NORTON LAW FIRM PC


                                    By:    _/s/ Jo Levy_____
                                            Jo Levy

                                            Attorney for Defendant
                                            AMERICA ULIKE INTERNATIONAL INC.